# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Estate of KISHA A. REILLY, by his [*sic*]    )
next of kin, MASON C. REILLY,    )
           )
       Plaintiff,    )
           )    C.A. No. N20C-08-163 FWW
       v.    )
           )
DAVE TURKO, in his Individual Capacity,   )
           )
       Defendant.    )

Submitted: January 27, 2022
Decided: February 1, 2022

*Upon Defendant Dave Turko's Renewed Motion to Dismiss*
**GRANTED.**

## <u>ORDER</u>

Ronald G. Poliquin, Esquire, THE POLIQUIN LAW FIRM, 1475 S. Governors Avenue, Dover, DE, 19904, Attorney for Plaintiff.

Patrick M. Brannigan, Esquire, Mark L. Reardon, Esquire, THE ECKERT SEAMANS LAW FIRM, 222 Delaware Avenue, Suite 700, Wilmington, DE, 19801, Attorneys for Defendant Dave Turko.

**WHARTON, J.**

This 1st day of February, 2022, upon consideration of Defendant Dave Turko's ("Turko") Renewed Motion to Dismiss ("Renewed Motion")[1] and the Answer to Defendant Turko's Renewed Motion to Dismiss of Plaintiff the Estate of Kisha A. Reilly by his [*sic*] next of kin Mason C. Reilly ("the Estate");[2] it appears to the Court that:

1.    On August 21, 2020, Shaun S. Reilly ("Reilly") brought a *pro se* action against Turko, the Delaware Department of Probation and Parole ("P&P"), and the Delaware Department of Correction ("DOC"), alleging *inter alia* violations of the Delaware Wrongful Death Statute relating to the death of his late spouse, Kisha Reilly.[3]  Reilly purported to be acting on behalf of himself, Kisha A. Reilly's estate, and Mason C. Reilly ("Original Plaintiffs").[4]    Mason C. Reilly was not further identified in the Original Complaint.[5]  On July 1, 2021, Turko moved to dismiss pursuant to Superior Court Civil Rules 12(b)(4), 12(b)(5), and 12(b)(6), alleging: (1) insufficiency of process/insufficiency of service of process because Reilly failed to serve Turko with the summons and the complaint within 120 days as prescribed by Superior Court Civil Rule 4(j); (2) Reilly's ineligibility to serve as the administrator

---

[1] Def.'s Renewed Mot. to Dismiss, D.I. 59.
[2] Pls.' Ans., D.I. 61.
[3] Compl., at 1, D.I. 1.
[4] *Id.*
[5] *Id.*

2

of Kisha Reilly's estate due to his conviction of an "infamous crime;" and (3) the expiration of the statute of limitations governing wrongful death claims.[6]

2.  Defendants P&P and DOC moved to dismiss separately and also joined Turko's Motion.[7]  On September 1, 2021, after counsel entered his appearance on their behalf,  the Original Plaintiffs answered the Motion and moved for leave to file an amended complaint.[8]  On September 2nd, P&P and DOC were dismissed without prejudice by stipulation.[9]

3.  The Court found good cause for Reilly's failure to serve Turko within 120 days of the filing of the complaint.[10]  The Court also found the Original Complaint was not barred by the two-year statute of limitations.[11]  The Court granted the Original Plaintiffs' motion for leave to amend the complaint in the expectation that an amended complaint would clarify Reilly's status as administrator of Kisha A. Reilly's estate and his authority, if any, to represent Mason C. Reilly.[12]  The Court granted Turko leave to renew his motion to dismiss after an amended complaint was filed.[13]

---

[6] Def's. Mot. Dismiss, at 2, D.I. 36.
[7] D.I. 45, 48.
[8] Plfs.' Ans. and Mot. to Amend, D.I. 53.
[9] D.I. 54.
[10] *Reilly v Del. Dept. of Probation and Parole, et al,* 2021 WL 5368653 (Del. Super. Ct. Nov. 16, 2012).
[11] *Id.*
[12] *Id.*
[13] *Id.*

3

4. A First Amended Complaint ("FAC") was filed on December 27, 2021.[14] It differs substantially from the Original Complaint. Original Plaintiffs Shaun S. Reilly, Shaun S. Reilly as the Administrator of the Estate of Kisha Reilly, and Mason C. Reilly all are gone.[15] In their place is the "Estate of Kisha A. Reilly, by his [*sic*] next of kin Mason C. Reilly."[16] The initial claims are gone too. The Original Complaint brought claims for: (1) Wrongful Death (Count One); (2) Gross and/or Wanton Negligence (Count Two); (3) Sexual Intercourse with a Person in Custody (Count Three); (4) Illegal Gratuities (Count Four); (5) Official Misconduct (Count Five); and (6) Coercion (Count Six).[17] The FAC alleges: (1) Unconstitutional Cruel and Unusual Punishment (Count I); (2) Unconstitutional Violation of the Due Process Clause (Count II); (3) Tortious Conduct (Count III); (4) Intentional Infliction of Emotional Distress (Count IV); (5) Invasion of Privacy (Count V); and (6) 42 U.S.C. § 1983 Claims (Count VI).[18]

5. Turko renews his motion to dismiss. He presents two arguments for dismissal. First, as of December 28, 2021, no estate for Kisha Reilly ever had been opened, much less within the applicable two-year statute of limitations.[19] Under 10

---

[14] FAC, D.I. 58.
[15] *Id.*
[16] *Id.*
[17] Compl., D.I. 1.
[18] *Id.*
[19] Def.'s Renewed Mot. to Dismiss, at 2-5, D.I. 59.

4

*Del. C.* § 3701 any cause of action Kisha Reilly had at the time of her death survived to the executor or administrator of her estate. Mason C. Reilly as "next of kin" has no standing to bring a suit on behalf of an estate that has not been opened, and for which he is not the administrator or executor. Since no estate was in existence within the applicable statute of limitations period, the FAC must be dismissed.[20] Second, Turko maintains that the FAC should be dismissed because it fails to meet the basic pleading requirements of Superior Court Civil Rules 8 and 9 in that the FAC does not aver necessary elements of a cause of action or facts which would entitle the Estate to relief under the theory alleged and fails to put Turko on notice of the specific claims against him.[21]

6. The Estate responds that Mason C. Reilly has now been appointed administrator of the Estate and attaches copies of the letters of administration issued to him on January 14, 2022.[22] It argues that the proper plaintiff has always been the "Estate of Kisha Reilly" and the Original Complaint filed on its behalf was filed within the statute of limitations.[23] Finally, it contends that the factual allegations in Paragraphs 1-38 of the FAC are sufficient to put Turko on notice of the allegations against him.[24]

---

[20] *Id.*

[21] *Id.,* at 5-6.

[22] Pl.'s Ans., at 1-2, D.I. 61.

[23] *Id.,* at 3-4.

[24] *Id.,* at 4-5.

5

7. The Court considers Turko's Renewed Motion as a motion to dismiss under Rule 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[25] The Court's review is limited to the well-pled allegations in the complaint.[26] In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[27] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[28]

8. The Estate appears to misapprehend the point of Turko's statute of limitations argument. Turko is arguing that when the FAC was filed, an estate did not exist because no estate had been opened with the Register of Wills. Further no administrator or executor had been named to pursue any claims Kisha Reilly made have had as required by 10 *Del. C.* § 3701. Since it does not exist in law, the Estate is not a proper plaintiff and Mason C. Reilly as "next of kin" is not a proper representative. Moreover, the time has long passed for a properly designated administrator to bring suit. The Estate does not address this argument at all. Rather,

---

[25] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[26] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[27] *Id.*
[28] *Id.*

it argues that the Original Complaint was filed within the statute of limitations on behalf of the "Estate of Kisha Reilly," which was always the proper plaintiff. It recites that the "Plaintiff's" Original Complaint was received by the Court before the expiration of the statute of limitations but was rejected as non-conforming. The Original Complaint was re-filed by "Plaintiff" but rejected again as non-conforming. It argues that the unsuccessful attempts to file the Original Complaint tolled the statute of limitations and permitted the Original Complaint to be filed within the limitations period.

9.      There are two problems with the Estate's position. One is that it does not address the Renewed Motion's statute of limitations argument. Rather, it addresses Turko's argument in the last motion to dismiss on a point where the Original Plaintiffs prevailed. The Court ruled that the Original Complaint was filed within the limitations period, so that statute of limitations argument is no longer an issue.[29] The other problem is that the Estate was not one of the Original Plaintiffs in the Complaint. It did not exist. The Original Plaintiffs were Shuan S. Reilly, Shaun S. Reilly, as administrator of the estate of Kisha A. Reilly, and Mason C. Reilly. Now the plaintiff is the Estate of Kisha A. Reilly by her next of kin, Mason C. Reilly.

---

[29] *Reilly,* at *3.

7

The Estate was not an Original Plaintiff because it did not exist,[30] and Shaun Reilly had no authority to act as its administrator.

10. The question here is whether the Original Complaint, filed by Shaun S. Reilly purporting to be the administrator of the Estate of Kisha A. Reilly, tolled the statute of limitations when Reilly was not the administrator of the "Estate of Kisha Reilly" and had no authority to act on behalf of an estate that had not been opened. The Estate concedes that Shaun Reilly was never the "administrator of the estate of Kisha Reilly" and that an estate had not been opened when the Original Complaint was filed. Because he was never the administrator of the Estate, Shaun Reilly had no authority to bring a claim on its behalf.[31] The notional "Estate of Kisha A. Reilly" did not come into legal existence until Mason C. Reilly opened the estate and received letters of administration on January 14, 2022, after the FAC was filed. Indeed, Mason C. Reilly has no authority to bring this action on behalf of the Estate "as next of kin." In truth, no estate of Kisha A. Reilly existed when the FAC was filed.

---

[30] And still did not exist when the FAC was filed.

[31] No one has explained to the Court why Shaun Reilly represented in the Original Complaint that he was the administrator of Kisha Reilly's estate when he was not. The most charitable explanation is simply that he was ignorant of how one becomes an administrator of an estate and assumed as the surviving spouse that the position devolved to him. There are other less charitable explanations, but the Court makes no attempt here to arrive at a conclusion.

8

11.     The claims in the FAC – Unconstitutional Cruel and Unusual Punishment, Unconstitutional Violation of the Due Process Clause, Tortious Conduct, Intentional Infliction of Emotional Distress, and 42 U.S.C. § 1983 Claims – all allege injuries to Kisha A. Reilly.  The FAC refers to her in those claims as "Plaintiff Reilly."  Under 10 *Del. C.* § 3701, those claims survive to, and may be instituted by, the administrator of her estate.  The Original Complaint and the FAC allege that Kisha Reilly died on August 3, 2018.  As of the date of this Order some 18 months after the expiration of the statute of limitations, the administrator of her estate has not joined the litigation and the case still lacks a viable plaintiff.[32]

12.     Although the Estate did not mention it specifically, the Court intuits that the Estate is relying on the relation back provision of Superior Court Civil Rule 15(c).  That Rule provides that an amendment of a pleading relates back to the date of the original pleading when, *inter alia,* the claim in the amended pleading arose out of the same conduct as set forth in the original pleading.  Such reliance, if it exists, is unwarranted.  The FAC is an amended pleading in name only.  In substance, it is a new complaint, albeit based on the same conduct.  It alleges an entirely new set of claims on behalf of an entirely new plaintiff that, at the time it was filed, still did not legally exist.  As in the Original Complaint, the FAC was brought by

---

[32] *See,* 10 *Del. C.* § 3701.  No request has been made to amend the FAC to comply with 10 *Del. C.* § 3701.

9

someone not authorized to bring it. The Court fails to perceive a limiting principle if it allows the Original Complaint, brought on behalf of a non-existent entity by someone falsely claiming to be its legal representative, to serve as a place holder for future amended complaints. An estate could have been opened within the limitations period by a qualified person as administrator seeking to pursue causes of action Kisha A. Reilly had at the time of her death. It is now 3 ½ years after her death and 18 months since the statute of limitations expired and yet no qualified administrator has brought suit on behalf of her estate. Accordingly, Turko's Renewed Motion to Dismiss is **GRANTED.**

13. Because the Court finds that the FAC should be dismissed on statute of limitations grounds, it does not address Turko's other arguments for dismissal based on Superior Court Civil Rules 8 and 9.

**THEREFORE**, Defendant Dave Turko's renewed Motion to Dismiss is **GRANTED.** The First Amended Complaint is **DISMISSED WITH PREJUDICE. IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

10